IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DERRICK ROSS | § | |
| v. | § | CIVIL ACTION NO. 6:12cv306 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Derrick Ross, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Ross was convicted of possessing a prohibited item in a correctional facility, receiving a sentence of 60 years in prison. The evidence showed that Ross was ordered by prison officers to stop and submit to a search, but he ran instead; before he stopped, he was seen throwing an object onto the roof of a dormitory. An officer named Knox went on the roof and found a cell phone concealed inside a sock.

In Ross' federal habeas petition, he complained that his rights under the Confrontation Clause were violated, the prosecutor committed misconduct, he received ineffective assistance of counsel at trial and on appeal, he was denied the right to an impartial jury, and he was the victim of cumulative error. The Respondent was ordered to answer the petition and did so.

After review of the pleadings and the state court records, the Magistrate Judge issued a Report recommending that Ross' application for habeas corpus relief be denied. The Magistrate

Judge determined that Ross' rights under the Confrontation Clause were not violated because the testimony complained of was non-testimonial and was not offered to prove the truth of the matter asserted, and had there been any error, it was harmless. The Magistrate Judge also determined that the prosecutor did not commit misconduct, Ross did not receive ineffective assistance of counsel, he was not denied an impartial jury, and he did not show that he was the victim of cumulative error. The Magistrate Judge also recommended that Ross be denied a certificate of appealability *sua sponte*.

Ross filed objections and supplemental objections to the Magistrate Judge's Report. In his objections, Ross says first there was no affirmative link between himself and the item found on the roof. To the extent that this is an attempt to raise a challenge to the sufficiency of the evidence, the contention is without merit. Aside from the fact that such a ground is raised for the first time in his objections and thus is not properly before the district court, *see* Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), the evidence offered at trial was sufficient to support the conviction. The Fifth Circuit has held that in reviewing the sufficiency of the evidence in the context of habeas corpus proceedings challenging the judgment of a state court, the federal courts' review is limited to determining whether, based upon the record evidence adduced at trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. Lucas v. Johnson, 132 F.3d 1069, 1078 (5th Cir. 1998), *citing* Jackson v. Virginia, 443 U.S. 307, 324 (1979). The court's review of the evidence is conducted in the light most favorable to the verdict. Selvage v. Lynaugh, 823 F.2d 845, 847 (5th Cir. 1987). The fact that the evidence was circumstantial, as in this case, does not mean that it is insufficient or that it will not support a verdict. U.S. v. Ochoa, 609 F.2d 198, 203 (5th Cir. 1980). When viewed in the light most favorable to the verdict, the evidence in this case was sufficient to support the conviction. Ross' objection on this point is without merit.

Ross goes on to argue that Knox testified that "somebody" told him that Ross had thrown something on the roof, and that this statement led Knox to go to the roof. He contends that "this somebody is the only one that led Knox to the roof to discover the contraband." Although Ross

states that Lt. Brown testified that she ordered Knox to go to the roof, where the contraband was discovered, he also indicates that Brown did not know of the contraband until Knox told her about it, and that "without the 'somebody,' Knox would not have gone to the roof." He asserts that he should have been allowed to cross-examine the "somebody," and that the failure to allow him to do so violated his rights under the Confrontation Clause.

As the Magistrate Judge explained, however, the statement that someone had told him that Ross threw something on the roof was non-testimonial and was not offered to prove the truth of the matter asserted. Rather, it was offered to show why Knox went on the roof. The Magistrate Judge also correctly observed that even had the statement been offered to show the truth of the matter asserted, it was cumulative, in that Lt. Brown testified that she saw Ross throw something on the roof and a parole officer Doug Smith testified that he saw Ross make "a very big overhand throwing motion." Ross' objection on this ground is without merit.

Second, Ross complains that he received ineffective assistance of counsel because his attorney did not call a witness named Kendrick Thomas. He says that Thomas, a fellow inmate, would have testified that he did not see the incident personally, but that he helped put together the scaffold which Knox used to get on the roof. Ross says that Thomas would have testified that Knox got on the roof and threw down "some trash and a sock with something in it that he did not see." According to Ross, this "shows doubt of the contraband being thrown there during this incident due to it being camouflage into the trash on the C dorm roof."

Ross offered nothing to show that Thomas would have testified at trial. More pertinently, he entirely fails to show that Thomas' testimony would have been favorable to him. The fact that Knox threw down some trash as well as the sock containing contraband is hardly exculpatory for Ross. This objection is without merit.

Next, Ross objects to the Magistrate Judge's conclusion that he did not receive ineffective assistance of counsel on appeal, saying that his appellate counsel failed to raise the issue of ineffective assistance of counsel at trial, nor the issue concerning the Confrontation Clause. The

Magistrate Judge correctly concluded that claims of ineffective counsel require a showing that had counsel performed differently, there would have been revealed issues and arguments of merit on appeal. Sharp v. Puckett, 930 F.2d 450, 453 (5th Cir. 1991); Smith v. Robbins, 528 U.S. 259, 285 (2000). Ross points to no issues or arguments of merit which would have been revealed had appellate counsel performed differently. His objection on this point is without merit.

With regard to prosecutorial misconduct, Ross complains that the prosecutor "introduced false evidence" and made an improper reference to a television show during voir dire. He also complained that the prosecutor referred to TDCJ inmates as "them," which he says meant that "the jury may infer that Ross must be guilty of the charged offense because he is associated with convicted felons." He also asserts that invoking a jury's fear of crime in a particular case is unfairly inflammatory, as is "using the conscience of the community as a guiding principle." These matters were addressed by the Magistrate Judge and Ross fails to show that the Report was incorrect; instead, he simply restates the claims he raised in his original petition. These objections are without merit.

Similarly, Ross' objection on the matter of cumulative error simply says that relief can be granted if the constitutional error had substantial and injurious effect in determining the jury's verdict, and that when combined with a pattern of prosecutorial misconduct, it could so infect the integrity of the proceeding as to warrant habeas relief even where it did not substantially effect the jury's verdict. This is simply the recitation of a legal standard, without reference to Ross' own case or the proposed findings and conclusions of the Magistrate Judge; Ross offers nothing to show that any error, cumulative or otherwise, had a substantial or injurious effect in determining the jury's verdict, nor that a pattern of prosecutorial misconduct existed. This objection is without merit.

In his supplemental objections, Ross again argues that the "somebody" who told Knox that Ross had thrown something on the roof was not available to testify, and complains that there was no evidence that he had been in possession of a gray sock or a cell phone at any time. Lt Brown testified that she observed Ross acting in an unusual manner so she ordered him to stop and submit

to a search, but he ran away instead. She stated that she saw him throw something onto the top of C Dorm. The roof of C Dorm was searched and a sock containing a cell phone was found; this sock was dry, although the grass around C Dorm was wet. While the evidence against Ross may be circumstantial, it is nonetheless sufficient to support the finding of guilt. Ross' objection on this point is without merit.

After again mentioning the Confrontation Clause, Ross goes on to contend that his trial and appellate counsel were deficient for not raising the fact that there were no affirmative links tying him to the sock. He offers nothing to show that but for the actions of his trial and appellate counsels in this regard, the result of the proceeding would probably have been different; in fact, Law argued at length in her closing argument that the State had failed to link Ross to the cell phone. Ross' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections and supplemental objections are overruled and the Report of the Magistrate Judge (docket no. 25) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Derrick Ross is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 7th day of January, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE